**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALVIN MARON ROBINSON,<br><br>               Petitioner,<br><br>    v.<br><br>JEFF MACOMDER,<br><br>               Respondent. | Case No. 1:24-cv-1394 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>(Doc. 6)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

    Calvin Maron Robinson is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The assigned magistrate judge performed a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing 2254 Cases, and found the petition was unexhausted.  (Doc. 6 at 3.)  Therefore, the magistrate judge recommended the Court dismiss the petition without prejudice.  (*Id.*)

    The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days.  (Doc. 6 at 3.) The Court advised Petitioner the "[f]ailure to file objections within the specified time may waiver of rights on appeal."  (*Id.* at 4, citing *Wilkerson v. Wheeler,* 772 F.3d 834, 839 (9th Cir. 2014).)  Petitioner did not file objections, and the time to do so has passed.

    According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, it may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**.

1. The Findings and Recommendations issued on November 21, 2024 (Doc. 6) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to enter judgment and close the case.
4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: __**December 26, 2024**__

UNITED STATES DISTRICT JUDGE